IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY JEWELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02667-N (BT) |
| | § | |
| K. BARTLETT, et al. | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Danny Jewell, a federal prisoner, filed a *pro se* complaint and substantially-identical amended complaint under 42 U.S.C. § 1983 alleging claims stemming from a search and seizure and resultant criminal proceedings. *See* ECF No. 3, ECF No. 10. The Court granted Jewell leave to proceed *in forma pauperis* but has not issued process pending judicial screening. ECF No. 11. For the following reasons, Jewell's official-capacity claim against Judge Monk for setting an excessive bail should be denied without prejudice pursuant to the Eleventh Amendment, Jewell's federal claims stemming from the search and seizure should be dismissed with prejudice to being reasserted again until the *Heck* conditions are satisfied, and Jewell's remaining claims should be dismissed with prejudice for failure to state a claim.

**Background**

Jewell alleges that on September 10, 2019, Detective Massey of the Johnson County Drug Task Force stopped his vehicle for following an 18-wheeler too

1

closely. ECF No. 10 at 8.¹ After presenting his license, proof of insurance, and registration, Jewell was asked to exit the vehicle for further questioning. *See* ECF No. 10 at 8. Jewell refused permission to search his car, and Detective Massey called for a K-9 unit. *See* ECF No. 10 at 8. After a "period of time" Jewell was placed under arrest and his vehicle was searched. *See* ECF No. 10 at 8. The detective asked Jewell if they could move his vehicle to complete the search; Jewell responded "no." *See* ECF No. 10 at 8. The vehicle was then moved "manipulatively" out of the sight of law enforcement dash cameras and then moved to an unknown location for a further search. *See* ECF No. 10 at 8. Jewell was brought in for an interrogation "and charged at a later date for further offenses," leading him to believe that he was illegally profiled and targeted by local law enforcement. *See* ECF No. 10 at 9. He also complains that his bond was set at an excessively high amount and that local bondsmen were instructed not to accept or post it. *See* ECF No. 10 at 9.

The "further offenses" Jewell vaguely references are federal and state drug charges. The Court takes judicial notice of the fact that the federal government filed a criminal complaint against Jewell in this Court in 2019 charging him with involvement in a conspiracy to possess and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. *See United States v. Danny Jewell*, 4:19-cr-00363-P (N.D. Tex. Oct. 21, 2019) (Doc. No. 1). The September 10, 2019, seizure of methamphetamine is cited in the criminal complaint to establish

---

¹ Though Jewell named other defendants, he only includes factual allegations concerning Detective Massey and Judge Monks.

probable cause for the federal charge. The seized methamphetamine also led to charges in state court for possession with intent to distribute. *See* https://pa.johnsoncountytx.org/PublicAccess/CaseDetail.aspx?CaseID=1042808 (last visited March 14, 2022).

Recognizing that Jewell's search and seizure claim would probably be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) if Jewell was convicted of the federal charge, the Court administratively stayed this case until a final judgment was entered in *United States v. Danny Jewell*, No. 4:19-cv-363-A (N.D. Tex.), at which time Jewell could file a motion to reopen. *See* ECF No. 15. In response, Jewell argued that the case should be administratively closed until conclusion of the state, not federal, criminal proceedings because the September 10, 2019, search is unrelated to the federal charge. *See* ECF No. 17 at 2. The Court granted Jewell's motion and noted that Jewell could file a motion to re-open this case once final judgment was entered in the state court proceedings. *See* ECF No. 18.

Jewell ultimately plead guilty in this Court to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 and was sentenced to 275 months' imprisonment to "run concurrently with any future sentence which may be imposed in Case No. DC-F201900940 in the 294th Judicial District Court, Johnson County, Texas, which is related to the instant offense." *United States v. Danny Jewell*, Case Number 4:19-CR-363-P (N.D. Tex. Aug. 6, 2020) (Doc. No. 259.) Jewell's federal conviction and sentence were recently affirmed on appeal. *See United States v. Danny Jewell*, No.

3

20-10814 (5th Cir. Feb. 15, 2022). In the interim, Jewell filed a motion to re-open this case, noting that the state charges in Case No. DC-F201900940 were dropped. *See* ECF No. 19. After confirming that this was accurate, the Court granted Jewell's motion to re-open (ECF No. 20) and now issues the following recommendation that Jewell's claims should be dismissed.

## Legal Standards

Jewell's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with

4

enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

### A. *Heck* bars Jewell's Fourth Amendment search and seizure claim, and his claim under the Texas Code of Criminal Procedure is not cognizable.

Jewell claims that the September 10, 2019, search of his vehicle and seizure of methamphetamine was unreasonable because Detective Massey lacked reasonable suspicion or probable cause to prolong the initial stop past the time needed to issue him a traffic citation and acted in bad faith. *See* ECF No. 10 at 8-9.

Jewell's federal unreasonable-search-and-seizure claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

At bottom, "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

5

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted).

Jewell's claim that the search and seizure violated his constitutional rights would imply the invalidity of his conviction. The search yielded evidence that the Government used, along with other facts, to establish probable cause for its charge against Jewell for conspiracy to possess and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846—a charge to which Jewell later pleaded guilty. If Jewell could establish the search and seizure was illegal, his federal conviction might be invalid. *See*, *e.g.*, *Blimline v. Thirty Unknown Emps of the Sec. & Exch. Comm'n*, 757 F. App'x 299, 302 (5th Cir. 2018) ("It is true that a plaintiff's unlawful search and seizure claim undermines the validity of a conviction. Thus, it is *Heck*-barred if evidence that was a direct or indirect product of the alleged unlawful search and seizure was presented in the plaintiff's criminal conviction proceeding."); *Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (finding that plaintiff's falsification-of-search-warrant claim was *Heck*-barred when the seizure produced evidence upon which the charge and conviction were based); *Fox v. Michigan State Police Department*, 173 F. App'x 372, 377 (6th Cir. 2006) (finding that *Heck* barred illegal search claim where "[t]he search of Fox yielded the switchblade, which became the subject of a criminal charge of which Fox was convicted . . . "); *Porter v. Richardson*, 2006 WL 740992, at *3 (N.D. Tex. Mar. 13, 2006) (finding that *Heck* barred plaintiff's claims of illegal search and

seizure because plaintiff was convicted of possession of a controlled substance). And because Jewell's federal conviction was recently affirmed and has not been invalidated, *Heck* bars any federal illegal-search-and-seizure claim.

This is the case even though the state charges were dropped. While the Court has not located Fifth Circuit authority on this issue, the courts that have addressed it have held that when "'Federal and State actions are inextricably intertwined and substantially related to one another, the *Heck* rule applies to bar Section 1983 claims based on the dismissed state charges.'" *Corley v. Vance,* 365 F.Supp.3d 407, 439 (S.D.N.Y. 2019) (quoting *Bogle v. Melamed,* 2012 WL 1117411, at *3 (E.D.N.Y. Mar. 30, 2012) (quoting, in turn, *Thompson v. Delvalle,* 2010 WL 2505638, at *3 (S.D.N.Y. June 21, 2010)). The Court finds these cases persuasive and adopts their reasoning because the purpose of the favorable termination rule is furthered by this result: there is no risk of different outcomes resulting from the same transaction. *See Heck,* 512 U.S. at 484.

Here, as Jewell's federal judgment notes, the state charge is related to the federal one; in fact, the charges resulted, at least in part, from the same criminal conduct. It is true that the federal complaint also notes that Jewell sold an undercover officer 66 grams of methamphetamine. *See United States v. Danny Jewell*, 4:19-cr-00363-P (N.D. Tex.) (Doc. No. 1 at 7.). And it is unclear whether this was also part of the predicate for Jewell's state charge. But regardless, the September 10, 2019, search and seizure produced evidence that Jewell acknowledges led to the state charge, and which also supported the federal charge.

7

*See* ECF No. 17 (in which Jewell acknowledges that the seized methamphetamine was the basis for the state charge). Since Jewell was convicted on federal charges stemming, at least in part, from precisely the same conduct underlying his dismissed state charges, the Court finds that the state and federal actions are intertwined and that the dismissal of the state charges was not a favorable termination. *See Corley*, 365 F.Supp.3d at 439 (citation omitted).

Finally, if Jewell is also trying to make a claim under Texas Code of Criminal Procedure article 1.06, which prohibits unreasonable searches and seizures, the claim must fail because there is no private right of action for a violation of the Texas Code of Criminal Procedure. *See, e.g., Coltart v. Texas,* 2020 WL 5416515, at *8 (W.D. Tex. Aug. 6, 2020).

**B. Immunity principles bar Jewell's excessive bail claim**.

Jewell also sued Jeff Monk, the Justice of the Peace for Johnson County, for setting an excessive bond. *See* ECF No. 10 at 4, 9. Jewell says that he is suing Judge Monk in his individual and official capacities. As for the individual capacity claim, judges are entitled to absolute judicial immunity for acting in the performance of their judicial duties. *See Nixon v. Fitzgerald,* 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed "in the clear absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). This immunity extends to all judges, regardless of their status in the judicial hierarchy, including justices of the peace. *Brewer v. Blackwell,* 692 F.2d 387, 396 (5th Cir. 1982).

Here, Jewell does not allege that Judge Monk acted in the absence of jurisdiction. He simply complains that the bond was too high. The setting of bond is a quintessential judicial function deserving of judicial immunity, so absolute judicial immunity bars any claim against Judge Monk in his individual capacity. *See Walczyk v. Rio*, 496 F.3d 139, 165 (2d Cir. 2007) (setting bond or bail is a judicial function).

As for an official capacity claim, while absolute judicial immunity is not applicable, Eleventh Amendment immunity applies. Subject to an inapplicable exception, the Eleventh Amendment bars claims against states, state agencies, or entities that may be considered an "alter ego" or "arm" of the state. *See Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002). "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *See*, *e.g.*, *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). So, Jewell's official capacity claim against Judge Monk should be dismissed without prejudice pursuant to the Eleventh Amendment.

Finally, Jewell also claims that an unspecified defendant or defendants instructed local bondsmen not to post his bond. *See* ECF No. 10 at 9. Even if Jewell could offer more detail about this claim, it would still fail because the Eighth Amendment, though prohibiting excessive bail, says nothing about whether bail or bond should be offered at all. *See United States v. Salerno*, 481 U.S. 739, 752 (1987). Because Jewell has no constitutional right to bail or bond, his allegations

that some unidentified defendant told bondsmen not to post his bond fail to state a claim.

### C. Jewell should not be given leave to amend.

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

But leave to amend is not warranted if the amendment would be futile, as is the case where *Heck* clearly bars a plaintiff's claims, *see Livingston v. Ward*, 2021 WL 3480007, at *6 (E.D. Tex. June 4, 2021), *rec. accepted*, 2021 WL 3471205 (E.D. Tex. Aug. 5, 2021) (collecting cases), or where immunity bars a plaintiff's claims. *See Vaupel v. United States*, 491 F. App'x 869, 874 (10th Cir. 2012) (affirming district court's refusal to permit amendment on grounds of futility where sovereign immunity barred the plaintiff's claims). Because amendment would be futile, Jewell should not be given leave to amend.

### Conclusion

The Court recommends that Jewell's official-capacity claim against Judge Monk for setting an excessive bail should be denied without prejudice pursuant to

the Eleventh Amendment, that Jewell's federal claims stemming from the September 10, 2019, search and seizure should be dismissed with prejudice to being reasserted again until the *Heck* conditions are satisfied, and that Jewell's remaining claims be dismissed with prejudice for failure to state a claim.

SO RECOMMENDED.

March 14, 2022.

                                                 REBECCA RUTHERFORD
                                                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).